# AGUSTIN ALONZO SOBRINO, Plff.,

## *v.*

# FRANCISCO MAIMY, Dft.

San Juan, Law, No. 920.

ON MOTION TO DISMISS.

Bankruptcy—Abatement of Lawsuit.

1. A suit at law is not *ipso facto* terminated by the bankruptcy of the plaintiff. Under § 11c the trustee may, with approval of the court, prosecute the suit.

Bankruptcy—Property.

2. The property of the bankrupt passes to the trustee, but this does not include personal rights, such as slander, malicious prosecution, and personal injuries. This is the rule at common law.

Same—Civil Law.

3. The Porto Rico Civil Code, § 1079, makes all rights derived from an obligation transmissible, unless there is a stipulation to the contrary. In order to make the law as to Porto Rican bankrupts conform to the general practice, the above section will, in bankruptcy matters, not be construed to include personal rights as above.

Opinion filed June 30, 1914.

*Mr. E. B. Wilcox* for plaintiff.

NOTE.—For cases passing upon the question of whether causes of action for personal injuries are assets in bankruptcy, see note in 44 L.R.A. 180; as to whether right of action for personal injuries passes to trustee in bankruptcy, see note in 12 L.R.A. (N.S.) 1173, and whether a right of action for tort for injury to person other than physical is an asset is discussed in note in 43 L.R.A. (N.S.) 940.

*Messrs. Savage & Francis* for defendant.

HAMILTON, Judge, delivered the following opinion:

It is sought by the defendant to have this case dismissed on three grounds, which, however, resolve themselves into one, which is, that the defendant has been adjudicated a bankrupt after the filing of the complaint, and that therefore the trustee, and not the plaintiff, is interested in the further prosecution of the suit.

1. The motion as made involves merely the question whether an action at law abates upon an adjudication in bankruptcy of the plaintiff. The section of the bankruptcy law covering the subject is 11c: "A trustee may, with the approval of the court, be permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him." [30 Stat. at L. 549, chap. 541, Comp. Stat. 1913, § 9595.]

The term "abate" is not used, nor does what is implied in the term follow from the intent of the law. Even the "stay" requires action by the court of bankruptcy. Whether it be a suit which passes to the trustee, or one which for any reason does not so pass, the proceeding remains intact. The only question, therefore, is Who shall pursue the remedy? Who shall continue the suit? The bankruptcy law contemplates that the trustee may do so in matters which are controlled by that law, provided, however, he first obtains authority from the bankrupt court. This authority would be obtained in the bankruptcy proceeding itself, and not in the suit in question. In the case at bar it so happens that the primary suit and the bankruptcy

Sobrino v. Maimy.

proceeding are in this court, but that makes no difference in the principle. Survival of suits is found in so many words in the Code of Civil Procedure of Porto Rico. Section 69 provides: "An action or proceeding does not abate by the death or disability of a party, or by the transfer of any interest therein, if the cause of action or proceeding survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding." The suit is therefore not abated by bankruptcy.

2. It will not be amiss, however, to go further and see whether this cause of action passes to the trustee, whether a direction to continue the suit would be given in either case.

The bankruptcy law is a practical remedy enabling either the insolvent creditor voluntarily to surrender his property, and obtain a release from his debts, or enabling his creditors to force him to do this by involuntary proceedings. In either event the law concerns itself only with rights of property. Property in one sense covers everything which a man can own, everything which he can exact from others; the bankruptcy law, however, is not so extensive. Bankruptcy act, § 70a (5) and (6), is as follows: "The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors if he shall have one or more, upon his or their appointment and qualification, shall in turn be .vested by operation of law with the title of the bankrupt, as of the date he

was adjudged a bankrupt, except in so far as it is to property which is exempt, to all. . . . (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him; . . . and (6) rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property."

This has been construed as applying to all property and rights which are (1) transferable by the debtor, or (2) leviable under judicial process by the creditor. The general principle is that the trustee for a living debtor is in much the same position as the executor of a dead debtor so far as relates to property and creditors. It has been held, therefore, that property rights do not include personal rights of action, such as slander, malicious prosecution, personal injuries, and the like, they being things which the bankrupt is at liberty to disregard or to claim, and which are so peculiarly individual as not to be assignable. Irion v. Knapp, 43 L.R.A.(N.S.) 940, and editorial note thereto; Collier, Bankr. 7th ed. 815.

3. The law as above set out is that in force in the states of the American Union, where as a rule the common law prevails. In applying the bankruptcy law to Porto Rico, where the civil law prevails, great care has to be exercised. Common-law principles sometimes differ from those of the civil law, and it is a matter of careful discrimination to determine how far or in what way the bankruptcy law applies. At common law it is only by a gradual process that any claims have become assignable, a process largely aided by legislation. At present most rights enjoyed by a man can in his lifetime be assigned by him so as to authorize suit by the assignee, but, as noted above, this

does not apply to what may perhaps be thought of as damages for mental injuries as distinguished from physical injuries.

The Porto Rican Civil Code covers, first, persons, then property, third, acquisitions, and fourth, obligations. Obligations are described in § 1056 as "created by law, by contract, by quasi contract, and by illicit acts and omissions, or by those in which any kind of fault or negligence occurs," thus covering what are commonly called torts, as well as rights from contracts. Section 1079 goes on to provide that "all rights obtained by virtue of an obligation are transmissible, subject to law, should there be no stipulation to the contrary." This might mean that even personal rights of action arising out of torts may be assigned, which would be going further than the common law. No decision giving such construction to this section, however, has been pointed out, and it is not thought best to construe it as *res nova* in such a manner as to put Porto Rico in a different class from other American communities so far as relates to bankruptcy law. It may be noted also that the addition of the phrase, "should there be no stipulation to the contrary," tends to limit the obligations spoken of to those which are contractual.

The case of Irion v. Knapp, quoted above, arose under a modification of the French civil law, that is to say, the Code Napoleon, whose principles, although not all its details, are embraced in the civil law of Spain and Porto Rico. It is to be remembered also that the civil law of Porto Rico on its remedial side has been much affected by the adoption of the California Code of Civil Procedure, which is based fundamentally upon the principles of the common law as modified by legislation. So far as there is a difference between the Civil Code

Sobrino v. Maimy.

and the Code of Civil Procedure, the later, adopted March 10, 1904, must prevail over the former, adopted in 1902, although also prevailing under the Spanish rule.

It follows, therefore, that the motion must be denied, and it is so ordered.